UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SEMICONDUCTOR ENERGY LABORATORY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; TCL TECHNOLOGY GROUP CORPORATION; TTE TECHNOLOGY, INC.; TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED; TCT MOBILE, INC.; TCT MOBILE (US) INC.; WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; HUIZHOU TCL MOBILE COMMUNICATION CO., LTD.; and TCL COMMUNICATION LIMITED,<br><br>Defendants. | Case No. 8:21-cv-00554-JAK-KES<br><br>**PARTIAL JUDGMENT REGARDING INFRINGEMENT AND INVALIDITY OF THE ASSERTED CLAIMS** |

    Plaintiff Semiconductor Energy Laboratory Co. Ltd. ("SEL") and Defendants TCL China Star Optoelectronics Technology Co., Ltd., TCL Technology Group Corp., TTE Technology, Inc., TCL Communication Technology Holdings Limited, TCT Mobile, Inc., TCT Mobile (US) Inc., Wuhan China Star Optoelectronics

Semiconductor Display Technology Co., Ltd., Huizhou TCL Mobile Communication Co., Ltd., and TCL Communication Limited (collectively, "Defendants") filed a Joint Stipulation Regarding Patents-in-Suit in this action ("Joint Stipulation").

The Court, having considered the parties' Joint Stipulation, which is supported by sufficient good cause, hereby finds and enters partial judgment on the following:

1.  SEL brought this action against Defendants alleging infringement of claims 1, 4, 9, 12, 13 and 16 of U.S. Patent No. 7,372,199 ("the '199 patent"), claims 1, 5-7, 11-13, 17-19, 23-25, 29-31, 35-37, 41-43, 47, 48 of U.S. Patent No. 9,208,717 ("the '717 patent"), claims 1, 3-4, 6 of U.S. Patent No. 10,680,049 ("the '049 patent"), and claims 1-3 of U.S. Patent No. 10,777,290 ("the '290 patent") (collectively, "the Asserted Claims") by Defendants' D2, S1-1, S3-2, and S3-A2 displays and TCL 10 Pro and TCL 20 Pro mobile phones, as well as the Motorola Razr, Razr 5G, and Edge+ mobile phones that are made, used, sold, or offered for sale in, or imported into, the United States (collectively, the "Accused Products").

2.  Under the claim constructions provided in the Court's Order Regarding Claim Construction, Defendants concede, and the Court finds and enters partial judgment: that the D2, S1-1, S3-2, and S3-A2 displays are manufactured by Defendant Wuhan China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("Wuhan CSOT Display") and meet every limitation of each Asserted Claim.

3.  Under the claim constructions provided in the Court's Order Regarding Claim Construction, Defendants concede, and the Court finds and enters partial judgment: that the TCL 10 Pro and TCL 20 Pro mobile phones incorporate one or more of the D2, S1-1, S3-2 and S3-A2 displays manufactured by Wuhan CSOT Display, and infringe the Asserted Claims because they meet every limitation of each Asserted Claim and are made, used, sold or offered for sale in, or imported into, the United States by TCT Mobile (US) Inc. and TCL Communication Limited.

4. Under the claim constructions provided in the Court's Order Regarding Claim Construction, Defendants concede, and the Court finds: that the Motorola Razr, Razr 5G, and Edge+ mobile phones that incorporate one or more of the D2, S1-1, S3-2 and S3-A2 displays manufactured by Defendants meet every limitation of each Asserted Claim.

5. SEL asserts and the Court notes that Defendants have not disputed, and therefore finds, that the Motorola Razr, Razr 5G, and Edge+ mobile phones that incorporate one or more of the D2, S1-1, S3-2 and S3-A2 displays manufactured by Wuhan CSOT Display are made, used, sold, or offered for sale in, or imported into, the United States by Motorola Mobility LLC and therefore infringe the Asserted Claims.

6. Based on the foregoing findings and SEL's request, the Court enters partial judgment that the Motorola Razr, Razr 5G, and Edge+ mobile phones that incorporate one or more of the D2, S1-1, S3-2 and S3-A2 displays manufactured by Wuhan CSOT Display infringe the Asserted Claims.

7. Under the claim constructions provided in the Court's Order Regarding Claim Construction, Defendants withdraw their invalidity defenses with respect to the Asserted Claims. Per SEL's request, the Court enters partial judgment that the Asserted Claims are not invalid.

8. Defendants' concessions set forth in Paragraphs 2 through 4 and 7 above are made without prejudice to, and without waiver of, Defendants' right to appeal the Court's Order Regarding Claim Construction.

9. The Court has not adjudged Defendants' reservation of rights in paragraphs 6 through 8 of the Joint Stipulation.

10. This is not a partial final judgment under Federal Rule of Civil Procedure 54(b). Therefore, no immediate appeal may be taken. This judgment concludes the claims discussed above for purposes of streamlining the trial in this matter, but it does

not meet the standards set forth in Rule 54(b).  Any appeal in this matter may be taken only after a final judgment is entered as to all claims. Such a final judgment will include the matters stated herein.

IT IS SO ORDERED AND ADJUDGED.

Date: September 21, 2022

John A. Kronstadt
United States District Judge