# EX. 9

**HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMICONDUCTOR ENERGY LABORATORY CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD., TCL TECHNOLOGY GROUP CORPORATION, TTE TECHNOLOGY, INC., TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCT MOBILE, INC., AND TCT MOBILE (US) INC., WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; HUIZHOU TCL MOBILE COMMUNICATION CO., LTD.; and TCL COMMUNICATION LIMITED<br><br>Defendants. | Case No. 8:21-cv-00554-JAK-KES<br><br>**EXPERT REPORT OF THOMAS L. CREDELLE REGARDING NON-INFRINGEMENT OF THE ASSERTED PATENTS** |

**HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY**

116.   The Patents-in-Suit as a whole disclose the circuitry and OLED layer structure of pixels in an LCD, OLED, and/or LED system.  Specifically, the '199 patent is directed towards the layer structure of pixels in an OLED display, and the '717, '049, and '290 patents are directed towards specific implementations of circuits used in displays, including OLED displays.

### F.    The Purported Benefits of the Patents-in-Suit

117.   The Initial Expert Reports of Drs. Holmes, Schubert, and Etienne-Cummings describe the purported benefits of the Patents-in-Suit with respect to the accused display panels with respect to a technical specification for the D2 display.  I disagree that the use of the characteristics in the technical specification capture all of the technological areas valued by CSOT or the customers of the display.  I also disagree with their analysis and conclusions as to which respective characteristics they identify as the Patents-in-Suit providing value.

118.   As acknowledged by Drs. Holmes and Schubert, the characteristics identified in the D2 technical specification (CSOT_TCL-SEL00000276 at 295-296) are, at most, "the main **optical** attributes that are valued for OLED display panels." Holmes Report at ¶ 428 (emphasis added); Schubert Report at ¶ 197 (emphasis added).  However, there are many other technological areas of the Accused Displays that the Patents-in-Suit do not cover that provide value to CSOT.  For example, there has been significant amount of work in the field to develop the technology that allows for the use of a plastic substrate in OLED displays and for the displays to become completely foldable.  Another major area of development has been in increasing the efficiencies in the manufacturability of OLED displays to increase yield and reduce cost.  None of the Patents-in-Suit cover these areas of technology that are highly valuable to CSOT.  Indeed, the Patents-in-Suit are being read on flexible displays that have only a slight bend (S1-1 and S3-2) and displays that are completely foldable (D2).  There is a considerable amount of additional technology that goes into manufacturing a completely foldable display and the

CREDELLE NON-INFRINGEMENT
EXPERT REPORT 8:21-CV-00554-JAK-KES

**HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY**

manufacturing is generally more complex, leading to higher material costs and lower yields, so it is no surprise that the cost to manufacture the D2 display is significantly higher than the cost for the S1-1 and S3-2 displays. Although the general design of the circuits of a rigid or curved display versus a foldable display are essentially the same (*see e.g.,* Etienne-Cumming Report, ¶¶ 69-75 and Schubert Report, ¶¶ 56-176), there are additional design considerations to allow for the repeated bendability of a folded display. For example, foldable displays will sometimes include additional layers for physical support that allows bending, additional coating over the circuits, and changes to the size and path of electrical tracings, especially near the folding areas. There was considerable effort by the industry to develop this technology as is shown by the fact that smartphones with curved displays like the S1-1 and S3-2 came out in the mid-2010's, while phones with fully bendable or foldable displays were not commercially available until late 2019.

119.   In addition, in my opinion, use of the technical specifications does not provide a good proxy for value of the Patents-in-Suit to CSOT. While the Patents-in-Suit may provide some benefit with respect to some of the characteristics identified by Drs. Holmes, Schubert, and Etienne-Cummings, they have not quantitatively shown the effect the Patents-in-Suit would have on these characteristics.

120.   In my opinion, the Patents-in-Suit, especially the '717, '049, and '290 patents are minor incremental improvements to the field. The '199 patent claims priority to an application filed in August 2000. At that time, there were still major areas of technology being developed with respect to the EL layer to refine the manufacturing and use of OLED displays in small electronic devices. By contrast, the '717, '049, and '290 patents are directed towards circuit designs Relating to aspects of display technology that was mature by the time of their filings (earliest claimed priority dates between 2001-2012).

CREDELLE NON-INFRINGEMENT
EXPERT REPORT 8:21-CV-00554-JAK-KES

HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

opinion, the Asserted Products should be found not to infringe the Asserted Patents.

435.  Pursuant to Section 1746 of Title 28 of United States Code, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that the foregoing is based upon personal knowledge and information and is believed to be true.

436.  I also declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

437.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2022, at Powell Butte, OR.

_____
Thomas L. Credelle

CREDELLE NON-INFRINGEMENT
EXPERT REPORT 8:21-CV-00554-JAK-KES