Christopher S. Marchese (CA 170239 / marchese@fr.com)
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA  90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

David M. Barkan (CA 160825 / barkan@fr.com)
Bryan K. Basso (CA 278973 / basso@fr.com)
Jeanel N. Sunga (CA 333815 / sunga@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA  94063
Tel: (650) 839-5070 / Fax: (650) 839-5071

Christina Brown-Marshall (CA 280552 / brown-marshall@fr.com)
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE, Floor 21
Atlanta, GA 30309
Tel: (404) 724-2760 / Fax: (404) -892-5002

Attorneys for Plaintiff
SEMICONDUCTOR ENERGY LABORATORY CO., LTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SEMICONDUCTOR ENERGY LABORATORY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; TCL TECHNOLOGY GROUP CORPORATION; TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED; TCT MOBILE, INC.; TCT MOBILE (US) INC.; WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; HUIZHOU TCL MOBILE COMMUNICATION CO., LTD.; and TCL COMMUNICATION LIMITED,<br><br>Defendants. | Case No. 8:21-cv-00554-JAK-KES<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 8 TO PRECLUDE EXPERT TESTIMONY REGARDING "TECHNOLOGICAL" DIFFERENCES BETWEEN DISPLAYS**<br><br>Pretrial<br>  Conference:   March 20, 2023<br>Time:             8:30 a.m.<br>Courtroom:     10B<br><br>Trial:             April 4, 2023<br><br>Judge:           Hon. John A. Kronstadt |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 20, 2023 at 8:30 a.m., or as soon thereafter as the matter may be heard in the United States District Court, Central District of California, Southern Division, located at First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012, before the Honorable John A. Kronstadt, Plaintiff Semiconductor Energy Laboratory Co., Ltd. ("SEL") will move, and hereby does present for hearing by this Court this Motion *in Limine* No. 8 to preclude Defendants' experts from testify regarding "technological" differences between the ▮ and ▮ displays other than the ▮ being foldable.

This motion is made pursuant to Federal Rules of Civil Procedure 26 and 37, as well as the Local Rules applicable thereto.  This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the omnibus declaration of David M. Barkan in support of the motion, any associated exhibits, and such additional papers and arguments as may be presented at or in connection with the hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 9, 2023, and continued during the weeks that followed leading up to the filing date of these motions.

Dated:  February 21, 2023                    FISH & RICHARDSON P.C.

By: */s/ David M. Barkan*
    David M. Barkan

Attorneys for Plaintiff
SEMICONDUCTOR ENERGY
LABORATORY CO., LTD.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff Semiconductor Energy Laboratory Co., Ltd. ("SEL") hereby moves *in limine* to preclude Defendants' experts from testify regarding "technological" differences between the ▮ and the ▮ and ▮ displays other than the ▮ display being foldable. Defendants seek to introduce evidence of "technological" differences between the ▮ and ▮ displays to undermine the opinions of SEL's damages expert. They first raised the issue of "technological" differences between these displays for the first time in the briefing for its *Daubert* motion to exclude the testimony of SEL's damages expert, where they argued that the ▮ display is an inappropriate proxy for the other displays because it is "completely different" and "technologically (and economically) different" from the others. (Dkt. 88-2 at 8, 10). Defendants' technical and damages experts, however, identified only a single "technological" difference between the ▮ and ▮ displays – foldability. Because Defendants' experts failed to disclose opinions on any additional "technological" differences in their reports or deposition testimony, they should be limited to testifying only to the difference in foldability between the ▮ and ▮ displays.

## II.    ARGUMENT

Expert reports are governed by Rule 26 of the Federal Rules of Civil Procedure. Rule 26(a)(2) provides that an expert report "must contain: (1) a **complete** statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them . . . ." Fed. R. Civ. P. 26(a)(2)(b) (emphasis added). Rule 26(a)(2) further provides that "a party must make these [expert] disclosures at the times and in the sequence that the court orders . . . ." Fed. R. Civ. P. 26(a)(2)(d). Additionally, Rule 26(e)(1) requires that a party is under

a duty to supplement its expert reports if it learns that the information disclosed is, in some material respect, incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

In his Non-Infringement Report, Defendants' technical expert Dr. Thomas Credelle responded to opinions of SEL's technical experts on the purported benefit of the patents-in-suit.[1]  As part of that rebuttal, Mr. Credelle attempted to draw a distinction between the ███ and ███ displays, identifying a single difference between the "flexible displays that have only a slight bend ███████ ) and displays that are completely foldable (██ )" – foldability.  (Dkt. 94-9 (Credelle Non-Infringement Report) at ¶ 118.)  Beyond that, Credelle opined only in generalities about manufacturing and design differences that *may* occur in foldable versus flexible displays. (*Id.*) For example, Credelle noted that "foldable displays will sometimes include additional layers for physical support that allows bending, additional coating over the circuits, and changes to the size and path of electrical tracing, especially near the folding areas" (*Id.*).  But Mr. Credelle provided no opinion that these differences are actually present in the ██ display, nor did he analyze any of the many technical documents available for the ███ and ██ displays to identify any such differences.

In contrast to this dearth of opinions with respect to technological differences, Mr. Credelle testified to the numerous ways the ██ display is effectively the same as the ██ and ██ displays.  (*See, e.g.,* Dkt. 102-29 (Credelle Dep. Tr.) at 49:17-21 (testifying that for the patent analysis for the '717 patent, the schematics are the same for all three displays), 63:5-64:2 (testifying that the circuits for all three displays are "quite similar" and agreeing to use the ██ display as representative), 489:25-491:3 (testifying that his opinions on non-infringement with respect to the '199 patent are the same for all three displays and agreeing to use the ██ display as representative), 493:3-494:4 (agreeing that Defendants use the same terminology for components of

---

[1] Mr. Credelle also provided a report on Invalidity of the Asserted Patents and Non-Infringing Alternatives, but that report does not discuss the ████████ displays.

the three displays), 520:3-20 (testifying that his non-infringement analysis re hole transporting layers is the same for all three displays).

Defendants' damages expert Ms. Shea provided no additional disclosures regarding "technological" differences between the ▮ and ▮ displays. Ms. Shea relied on discussions with Mr. Credelle for her understanding of the nature of the technology and the patents-in-suit, and she provided no additional technical opinions of the features of the Accused Displays. (Ex. 1 (Shea Rebuttal Report) at ¶ 32.) She did, however, provide a damages analysis that is the same between the ▮ and ▮ displays. (Dkt. 102-36, Shea Dep. Tr. at 15:22-25, 19:17-24.)

Based on their reports and deposition testimony, Defendants' experts failed to identify any "technological" differences between the ▮ and ▮ displays aside from foldability. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the requirements of Fed. R. Civ. P. 26(a)(2)(C)] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."); *Siemens Medical Solutions USA, Inc. v. Saint–Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1285–87 (Fed. Cir. 2011) (affirming district court's grant of a motion to exclude expert testimony on matters not disclosed in his expert report or deposition); *Air TurbineTech., Inc. v. Atlas Copco AB,* 410 F.3d 701, 711–13 (Fed. Cir. 2005) (finding that district court did not abuse its discretion in excluding expert testimony that exceeded material disclosed in the expert's report); *GenSci OrthoBiologics v. Osteotech, Inc.*, No. CV 99-10111-MRP, 2001 WL 36239743, at *15 (C.D. Cal. Oct. 18, 2001) ("[A]n expert's testimony at trial should be limited to the information properly disclosed in his or her expert report or properly supplemented under Rule 26.") (granting motion in limine to limit expert's testimony to conclusions that find

adequate support in their admissible reports). Accordingly, Defendants' experts' testimony at trial with respect to "technological" differences between the ██ and ████ displays should be limited to their opinions and bases contained within and adequately supported by their expert reports, *i.e.* foldability.

## III. CONCLUSION

SEL respectfully requests that the Court exclude the materials discussed herein.

Dated:  February 21, 2023          FISH & RICHARDSON P.C.

By: */s/ David M. Barkan*
David M. Barkan

Attorneys for Plaintiff
SEMICONDUCTOR ENERGY
LABORATORY CO., LTD.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff Semiconductor Energy Laboratory Co., Ltd. ("SEL"), certifies that this brief contains 1,082 words, which complies with the word limit of L.R. 11-6.1.

*/s/ David M. Barkan*
David M. Barkan